IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDE SLOAN,<br>    Plaintiff | : <br> : <br> : | |
| v. | : <br> : <br> : | No. 1:23-cv-1122 <br><br> (Judge Rambo) |
| BOP of ALLENWOOD,<br>    Defendant | : <br> : | |

## MEMORANDUM

Plaintiff Claude Sloan, who was previously incarcerated at the United States Penitentiary in Allenwood, Pennsylvania (USP Allenwood), initiated the above-captioned *pro se* action in July 2023. He appears to assert a constitutional tort claim against the Federal Bureau of Prisons (BOP). Sloan's claim, however, is plainly barred by the statute of limitations and he has provided no basis for tolling. The Court will therefore dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.  **BACKGROUND**

In July 2023, Sloan filed the instant complaint in the United States District Court for the Western District of Virginia. (*See generally* Doc. Nos. 1, 2.) That court transferred the case to the Middle District of Pennsylvania, the judicial district where USP Allenwood is located. (*See* Doc. No. 2 at 1-2.)

Sloan initially moved for leave to proceed *in forma pauperis*. (Doc. No. 6.) That motion, however, was denied because Sloan's prisoner trust fund account

balance exceeded $5,500.  (*See* Doc. No. 10.)  The Court gave Sloan 14 days to submit the requisite $402 filing fee and warned that, if the fee was not timely paid, his case would be dismissed.  (*Id.*)  No fee was submitted, so the Court dismissed and closed the case on August 15, 2023.  (Doc. No. 11.)

Sloan subsequently sent multiple requests and inquiries to the Court about reopening his case, claiming that he had mailed the $402 filing fee.  (*See* Doc. Nos. 12-14, 16.)  No action was taken, however, because no filing fee had been received.  The Court finally received the $402 payment on September 20, 2023, and reopened Sloan's case the following day.  (*See* Doc. No. 17.)

Sloan alleges that, while working for the BOP at USP Allenwood, he severely injured his shoulder and back while unloading bunk beds.  (*See* Doc. No. 1 at 1.)  According to Sloan, the work-related accident happened in "2013 or 2014."  (*Id.* at 2.)  The only named defendant is "BOP of Allenwood."  (*Id.* at 1.)  Sloan seeks $15 million in compensatory and punitive damages.  (*Id.* at 2.)

It is unclear what kind of claim Sloan is trying to assert against the BOP.  It is possible that he is raising a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The Western District of Virginia interpreted Sloan's complaint in this manner.  (*See* Doc. No. 2 at 1.)  Alternatively, he may be asserting an action under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  The Court need not make a determination on this issue,

however, because Sloan's claim is unequivocally barred from consideration by the respective statutes of limitations.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515

F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Sloan proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Sloan, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Sloan's lawsuit faces multiple, insurmountable hurdles. If he is attempting to assert a *Bivens* claim, such a claim is unequivocally time-barred. Additionally, any *Bivens* claim against the BOP is precluded by sovereign immunity. Finally, if he is attempting to assert a claim under the FTCA, that claim is barred by 18 U.S.C. § 4126 and is untimely as well.

### A.   Statute of Limitations

A *Bivens* claim, like an action under 42 U.S.C. § 1983, is characterized as a personal injury claim and therefore federal courts "must look to the most analogous state statute of limitations." *See Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013) (nonprecedential) (explaining that Section 1983 and *Bivens* claims arising in the Commonwealth are both "governed by 42 PA. CONS. STAT. § 5524[(7)], Pennsylvania's two-year statute of limitations for tort actions").

In Pennsylvania, personal injury claims are generally subject to a two-year statute of limitations. *See* 42 PA. CONS. STAT. ANN. § 5524(7); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Furthermore, a District Court can raise the timeliness issue *sua sponte* at the screening stage if—on the face of the complaint—the allegations "show that relief is barred by the applicable statute of limitations." *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (nonprecedential) (collecting cases); *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 693 n.2 (3d Cir. 2011) (nonprecedential) ("Although the statute of limitations applicable to [civil rights] actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.") (citing *Jones*, 549 U.S. at 215).

From the face of Sloan's complaint it is clear that, if he is asserting a *Bivens* claim, the statute of limitations has long since expired. Sloan specifically pleads that the events giving rise to his claim occurred at USP Allenwood in 2013 or 2014. (Doc. No. 1 at 1.) Accordingly, Sloan's claim accrued in 2013 or 2014, as the facts alleged demonstrate that Sloan "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. Inc., v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Thus, the two-year statute of limitations for his claim would have expired, at the very latest, in 2016.

Nothing in Sloan's complaint indicates that the two-year statute of limitations would be tolled for *seven years* pursuant to equitable tolling, the discovery rule, or any other basis to extend the limitations period. *See Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential) (explaining that district courts should not *sua sponte* dismiss civil rights actions on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling). Sloan alleges a discrete and obvious work-related injury, and there is no question regarding when or how the injury occurred. Such a straightforward event would have put Sloan on notice that his claim had accrued and that his two-year clock in which to file a lawsuit had begun to run.

### B.  Sovereign Immunity

Sloan lists the BOP as the lone Defendant. (*See* Doc. No. 1 at 1.) However, any *Bivens* claim leveled against the BOP—an agency of the United States—is barred by sovereign immunity, as Congress has not carved out an exception to sovereign immunity for such claims. *See Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 345 (3d Cir. 2000) ("It is black letter law that the United States cannot be sued without the consent of Congress.") (internal citation omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (rejecting extension of *Bivens* remedy to claims against federal agencies); *Hatten v. Bledsoe*, 782 F. App'x 91, 95 (3d Cir. 2019) (nonprecedential) ("The District Court properly dismissed Hatten's *Bivens* claims

against the BOP, as federal agencies are shielded by sovereign immunity absent an explicit waiver."); *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012) (nonprecedential) (affirming summary judgment against prisoner-plaintiff, granted on basis of sovereign immunity, for Eighth Amendment *Bivens* claims against BOP).

## C. FTCA and 18 U.S.C. § 4126

In the event that Sloan is attempting to assert a claim under the Federal Torts Claim Act against the United States for his work injury, he cannot do so. Any FTCA claim is precluded by the Inmate Accident Compensation Act, 18 U.S.C. § 4126.[1] "By statute, the Federal Prison Industries Fund pays 'compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.'" *Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007) (nonprecedential) (quoting 18 U.S.C. § 4126(c)(4) and citing 28 C.F.R. §§ 301.101–301.319 (regulating such claims)). Federal prisoners seeking compensation for work-related injuries suffered during prison employment are limited to the exclusive remedy provided by Section 4126. *See id.* (citation omitted);

---

[1] The Court additionally observes that an FTCA claim would almost certainly be time-barred as well, as such claims must be filed with the appropriate federal agency within two years of the injury's accrual. *See* 28 U.S.C. § 2401(b). If the claim is administratively denied, it must be brought in federal court within six months from the date "of notice of final denial of the claim by the agency to which it was presented." *Id.*

28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act[.]").

The Court does not opine on the availability of a claim for compensation under the Inmate Accident Compensation Act, which must be made through the BOP. *See generally* 28 C.F.R. §§ 301.101-301.319. However, it appears that, if a prisoner suffers residual physical impairment resulting from a work-related injury incurred during his incarceration, he can make such a claim near the time of his release from BOP custody. *See* 28 C.F.R. § 301.303(a).

In sum, if Sloan is attempting to assert a *Bivens* claim against the BOP (or any USP Allenwood official), that claim is long-since barred by the applicable statute of limitations. Additionally, any *Bivens* claim against the BOP is shielded by sovereign immunity. If Sloan is attempting to assert an FTCA claim, that claim is precluded by 18 U.S.C. § 4126 and is almost certainly time-barred as well. His complaint, therefore, must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Sloan's complaint pursuant to 28 U.S.C. § 1915A(b)(1) as it is time-barred on its face. Any *Bivens* claim against the BOP is likewise precluded by sovereign immunity. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: November 6, 2023